IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. COCKERHAM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-335 |
| | : | |
| MARJORIE ANN COCKERHAM, | : | |
| Defendant. | : | |

MEMORANDUM

MURPHY, J.                                                                              May 1, 2023

Currently before us is an Amended Complaint filed by Plaintiff Michael A. Cockerham

against his mother, Defendant Marjorie Ann Cockerham, based on allegations that she harassed

and threatened him while he was a tenant in her home.  DI 9.  Mr. Cockerham seeks to proceed

*in forma pauperis* in this matter.  For the following reasons, the Court will grant Mr. Cockerham

leave to proceed *in forma pauperis* and dismiss his Amended Complaint.

I.     **Factual Allegations**[1]

This case arises out of a dispute between Mr. Cockerham and his mother, the only named

defendant.  Mr. Cockerham alleges that in the summer of 2020, Marjorie Cockerham (identified

---

[1] The facts set forth in this opinion are taken from the amended complaint, as well as a series of "exhibits" filed by Mr. Cockerham that include, inter alia, police paperwork related to Mr. Cockerham's arrests in July and August of 2020, an apparent recording of the 911 call from the July 2020 arrest, and a transcript from an August 20, 2020 Chester County Court hearing related to a protection from abuse petition filed by Marjorie Cockerham against Mr. Cockerham. *See* DI 6-8, 10-12.  Although Mr. Cockerham did not file his exhibits contemporaneously with his amended complaint, the Court construes his separate filings as "exhibits" to the amended complaint.  In screening Mr. Cockerham's amended complaint, we may properly consider all of Mr. Cockerham's exhibits.  *See Harris v. U.S. Marshal Serv.*, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions

as Mr. Cockerham's "landlord") harassed and threatened him in an attempt to "make him leave [her home located at 200 Summit Road, Malvern, Pennsylvania]." DI 9 at 2-3. Mr. Cockerham alleges that Marjorie Cockerham "paid & hired individuals to harass [him]" and "lied to get [a] temporary protection from abuse [order]" against him. *Id*. at 3.[2] He further alleges that Marjorie Cockerham "threatened to cut off electricity and water on [the] morning of July 30, 2020." *Id.*

Mr. Cockerham indicates that, based on those allegations, he seeks to bring Fourth, Fifth, and Fourteenth Amendment claims, presumably pursuant to 42 U.S.C. § 1983. *Id.* at 2. He alleges that as a result of Marjorie Cockerham's actions, he has been forced to "drop [his college] classes" and "move 250 miles" away. *Id.* at 4. He asks us to compensate him in the amount of "1/3 [the value] of 200 Summit Road, Malvern," plus the cost of school, "grave/cemetery plots," and relocation expenses. *Id.*; DI 9-4. He further claims to have suffered a "mental breakdown" after Marjorie Cockerham "terrorized" him and stole unidentified "priceless heirlooms." DI 9-4.

## II.    Standard of Review

We grant Mr. Cockerham leave to proceed *in forma pauperis* because it appears that he is unable to pre-pay the costs for filing this lawsuit. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires we dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

of the PLRA."), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011).

[2]  The amended complaint refers to Mr. Cockerham's September 2022 arrest for a "mental health episode." DI 9 at 3. Mr. Cockerham filed an "exhibit" that included a newspaper article dated September 23, 2022 that chronicles his arrest in Johnstown, Pennsylvania. *See* DI 7-1 at 1-2. This arrest appears unrelated to the events that form the basis of Mr. Cockerham's amended complaint.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory allegations and generalized statements do not suffice to state a claim.  *See id.*  As Mr. Cockerham is proceeding pro se, we must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

III.   **Analysis**

   A.  **Constitutional Claims**

Mr. Cockerham's amended complaint does not rely on a specific statute.  He indicates on his form complaint that the basis for jurisdiction is "Federal Questions" and references federal constitutional claims, i.e., violations of the Fourth, Fifth and Fourteenth Amendments.  DI 9 at 2.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  "To answer that

3

question, [the Third Circuit has] outlined three broad tests generated by Supreme Court

jurisprudence to determine whether state action exists: (1) whether the private entity has

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

private party has acted with the help of or in concert with state officials; and (3) whether the state

has so far insinuated itself into a position of interdependence with the acting party that it must be

recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646

(3d Cir. 2009) (cleaned up).

      Marjorie Cockerham is a private citizen, not a state actor.  Mr. Cockerham's amended

complaint does not allege facts to support an inference of a "close nexus" between Marjorie

Cockerham's private conduct and the state itself such that the challenged actions can fairly be

treated as actions of the state.  *Leshko*, 423 F.3d at 339.  Nor does Mr. Cockerham allege that

Marjorie Cockerham had any connection to a state, county, or local governmental entity, and

none of Mr. Cockerham's allegations suggest Marjorie Cockerham was operating as anything

other than a private entity.  Instead, Mr. Cockerham's allegations involve actions taken by

Marjorie Cockerham in the context of an ongoing landlord–tenant dispute.  Serving as Mr.

Cockerham's landlord does not implicate state action by Marjorie Cockerham.  *See Hussein v.*

*New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (landlords were not state actors);

*DeJesus v. Lucey*, 2022 WL 44004, at *4 (E.D. Pa. Jan. 5, 2022) (same).

      Moreover, to the extent Mr. Cockerham contends that Marjorie Cockerham improperly

sought a protection from abuse order against him, petitioning the court for a protection from

abuse order does not render Marjorie Cockerham a state actor.  *See Mikhail v. Kahn*, 991 F.

Supp. 2d 596, 649 (E.D. Pa. 2014) (holding that, because the entry of a protection from abuse

order — even a temporary, emergency order — requires a judge to exercise his discretion, a

4

petitioner seeking such an order cannot be considered a state actor because he petitioned for such

an order), *aff'd*, 572 F. App'x 68 (3d Cir. 2014); *see also Van Tassel v. Lawrence Cnty.*

*Domestic Rel. Section*, 659 F. Supp. 2d 672, 699 (W.D. Pa. 2009) ("The overwhelming weight of

authority demonstrates that a private party's mere invocation of state procedures, such as the

filing of an administrative complaint, does not, as a matter of law, make Defendants state actors

or actors under color of state law." (quoting *Karls v. Prudential Real Estate Affiliates, Inc.*, 2008

WL 123593 (D. Utah Jan. 10, 2008))).

At its core, the amended complaint appears to chronicle a private dispute between Mr.

Cockerham and his mother.  This type of personal dispute is not attributable to the state.  *See*

*Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994) (noting "purely private acts

which are not furthered by any actual or purported state authority are not acts under color of state

law."); *Hepfl v. Boot*, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021) (dismissing pro se

plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) because she was a

private individual and not a state actor), *report and recommendation adopted*, 2021 WL 1700043

(W.D. Pa. Apr. 29, 2021); *Maresca v. Maresca*, 2007 WL 1490515, at *3 (M.D. Pa. May 21,

2007) (dismissing plaintiff's complaint against his ex-wife as frivolous on the basis that she was

not a state actor and plaintiff failed to alleged facts demonstrating that she violated any of his

rights).  Because Mr. Cockerham has not established a basis for concluding that his mother is a

state actor subject to liability under § 1983, his constitutional claims will be dismissed with

prejudice.

**B.  State Law Claims**

Although Mr. Cockerham sought to pursue federal claims, the Court liberally construes

the amended complaint to raise claims under Pennsylvania's landlord–tenant law.  However,

there is no independent basis for the Court's jurisdiction over those claims.[3]  28 U.S.C.

§ 1332(a)(1) grants a district court jurisdiction over a case in which "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all

defendants,' even though only minimal diversity is constitutionally required.  This means that,

unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state

as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)

(footnote omitted) (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); then

quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual

is a citizen of the state where he is domiciled, meaning the state where he is physically present

and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Mr. Cockerham does not allege the parties' citizenship.  DI 9 at 3.  Rather, Mr.

Cockerham provides a Pennsylvania address for himself (Cambria County) and for Marjorie

Cockerham (Chester County).  This is insufficient to allege diversity for purposes of establishing

the Court's jurisdiction over any potential state law claims and, to the contrary, suggests that the

parties are both citizens of Pennsylvania.  The Court will therefore dismiss any state law claims

for lack of subject-matter jurisdiction, without prejudice to Mr. Cockerham pursuing those

claims in state court.

## IV.    Conclusion

For the foregoing reasons, we grant Mr. Cockerham leave to proceed *in forma pauperis*

and dismiss his federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr.

---

[3]  We decline to exercise supplemental jurisdiction having dismissed Mr. Cockerham's
federal claims.

Cockerham will not be granted leave to amend because amendment of his claims under § 1983

would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Any

claims under Pennsylvania landlord–tenant law are dismissed for lack of subject matter

jurisdiction without prejudice to Mr. Cockerham's right to raise those claims in an appropriate

state court.[4]

---

[4]  We express no opinion on the merits of any such claims.